**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
Efile.dockets@davismiles.com
Joshua W. Carden, SBN #021698
Attorney for Plaintiff Rudolph Z. King, Jr.

**UNITED STATES DISTRICT COURT OF ARIZONA**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Rudolph Z. King, Jr.,<br><br>     Plaintiff,<br><br>vs.<br><br>Rite of Passage, Inc.<br><br><br>     Defendant. | **CASE NO. _____**<br><br>**ORIGINAL COMPLAINT**<br>**JURY TRIAL REQUESTED** |

Plaintiff Rudolph Z, King, Jr., by and through undersigned counsel, seeks relief in this Original Complaint against Defendant Rite of Passage, Inc. ("ROP") as follows:

**THE PARTIES**

1.     At all times material hereto, Plaintiff was and is a resident of Arizona and is an "employee" of Rite of Passage within the ambit of 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

2.     Upon information and belief, Rite of Passage was and is incorporated in Las Vegas, Nevada with its headquarters at 2560 Business Parkway, Suite A, Minden, NV 89423.

3. At all times material hereto, Rite of Passage owned and operated its principal place of business in Arizona at a facility doing business as "Canyon State Academy" located at 20061 E. Rittenhouse Road, Queen Creek, Arizona 85142.

4. Rite of Passage was and is an "employer" governed by 42 U.S.C. § 2000e and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 42 U.S.C § 2000e, 42 U.S.C. § 1981, and 28 U.S.C. §1331.

6. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

7. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Plaintiff Rudolph King, Jr. has worked for ROP for approximately 1.5 years.

9. Plaintiff is an African-American male.

10. Plaintiff's most recent position with ROP is as a Coach Counselor for Defendant's subsidized juvenile group home – a position that is standardized in Defendant's locations nationwide.

11. Plaintiff began with ROP in April of 2013.

12. During his employment, he experienced frequent use of the "n" word by a fellow Coach Counselor and also by a Group Leader – a semi-supervisory role more akin to a "team lead" rather than an actual supervisor.

13. Plaintiff objected to the use of the "n" word, and in response, the co-worker indicated that his use of the "n" word would continue and would increase during any "team building" exercises held off-site.

14. A few weeks later, Plaintiff expressed to the Group Leader that he was not sure if he wanted to continue working for the company given the apparent position on the use of the "n" word.

15. Almost immediately, Plaintiff was suspended for 10 days and told by Human Resources to think about whether he wanted to work for the company.

16. Plaintiff informed HR that the multiple uses of the "n" word was the reason for him potentially not wanting to work for the company.

17. Upon information and belief, Defendant conducted an investigation into the incidence but nobody was subjected to discipline for using the "n" word.

18. Since that incident, Plaintiff has repeatedly sought a promotion to an open "Case Manager" position at Defendant for which he is well-qualified and which would increase his pay and benefits.

19. Plaintiff has been repeatedly passed over for that promotion by Defendant.

20. Upon information and belief, the reason Defendant has passed Plaintiff over for that promotion is his opposition to the use of the "n" word by fellow workers and his complaint to Human Resources regarding that issue.

21. Plaintiff filed a charge of discrimination with the EEOC on or about February 11, 2014 alleging discrimination on the basis of race.

22. The EEOC issued a notice of right to sue on or about July 23, 2014.

23. This suit is brought within 90 days of Plaintiff's receipt of the notice of right to sue from the EEOC.

24. All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.

**FIRST CAUSE OF ACTION – TITLE VII VIOLATION**

25. Plaintiff hereby incorporates, by reference, the preceding allegations of the Complaint, as if set forth fully herein.

26. Defendant is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(a).

27. Defendant has directly discriminated against Plaintiff in the terms and conditions of his employment by treating Plaintiff disparately on the basis of his race, black, in violation of Title VII.

28. Furthermore, Defendant retaliated against Plaintiff by refusing to promote him after he engaged in the protected activity of opposing the inappropriate racist conduct of the two co-workers by reporting it to Defendant's Human Resources department.

29. As a result of the foregoing, Defendant is liable to Plaintiff for violation of 42 U.S.C. § 2000e. Defendant's acts of discrimination and/or retaliation in this regard were unlawful and intentional.

30. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION - RACED-BASED DISCRIMINATION IN VIOLATION OF 42 USC § 1981

31. Plaintiff hereby incorporates, by reference, the preceding allegations of the Complaint, as if set forth fully herein.

32. Plaintiff is a member of a non-white racial minority – black African-American.

33. Plaintiff's employment with Defendant is contractual in nature.

34. Defendant discriminated against Plaintiff based on his race in the performance, modification, and termination of his employment contract, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

35. Specifically, Defendant imposed higher requirements and more stringent standards on Plaintiff than those imposed on similarly-situated white individuals, and refused to promote him when he failed to meet the heightened requirements and standards.

36. Furthermore, Defendant failed to provide the same level of support to Plaintiff as that given to those similarly-situated white individuals.

37. Defendant's discrimination was intentional.

38. As a direct and proximate result of the above-alleged intentional acts or omissions of Defendant, Plaintiff has suffered damages in that, *inter alia*, Plaintiff was suspended for 10 days and also failed to receive a promotion for which he was qualified.

39. Plaintiff's supervisors (Defendant's management officials) personally acted with malice or reckless indifference to Plaintiff's federally protected rights.

40. Plaintiff therefore also seeks punitive damages for Defendant's actions.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of such wages and benefits into the future.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

43. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## JURY TRIAL DEMANDED

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

1. Declaring that the acts and practices complained of herein are in violation of state and/or federal law;

2. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities;

3. Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment, and make him whole for all earnings he would

have received but for Defendant's discriminatory treatment, including, but not limited to, back pay, front pay, pension, and other lost benefits;

    4.    Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury.

    5.    Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein.

    6.    Granting such other and further relief as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this 21st day of October, 2014

**DAVIS MILES MCGUIRE GARDNER, PLLC**

By /s/ Joshua W. Carden
Joshua W. Carden
80 E. Rio Salado Pkwy., St. 401
Tempe, AZ  85281
*Attorneys for Plaintiff*